1
2
3
4
5          UNITED STATES DISTRICT COURT
6          EASTERN DISTRICT OF WASHINGTON
7   UNITED STATES OF AMERICA,        )
                                      )    NO.    CR-05-0192-WFN-2
8                    Plaintiff,       )           CV-07-41-WFN
                                      )
9         -vs-                        )    ORDER
                                      )
10  PABLO CAMPOS ORTEGA               )
                                      )
11                   Defendant.       )
                                      )
12  ─────────────────────────────────

13        Pending before the Court is Movant's 28 U.S.C. § 2255 Motion to Vacate, Set Aside,
14  or Correct Sentence, presented by Pablo Campos Ortega *pro se*. Assistant United States
15  Attorney Thomas Hopkins represents the Government. The Court has reviewed the file and
16  the motion and is fully informed. For the reasons stated below, the Motion is denied.

17                              **I.  BACKGROUND**

18        Mr. Campos Ortega was indicted on November 1, 2005, for conspiracy to distribute
19  500 grams or more of cocaine and 50 grams or more of actual methamphetamine in violation
20  of 21 U.S.C. § 841(a)(1) & 846, three counts of distribution of cocaine in violation of 21
21  U.S.C. § 841(a)(1), and distribution of 50 grams or more of actual methamphetamine. He
22  pled guilty to the latter count, distribution of methamphetamine. The plea agreement
23  contained a few provisions relevant to Mr. Campos Ortega's current motion. First, by signing
24  the plea agreement Mr. Campos Ortega affirmed that he understood that a guideline sentence

25
26

ORDER - 1

would not necessarily be imposed.[1]  Second, Mr. Campos Ortega waived his right to appeal.[2]  Robert Caruso represented Mr. Campos Ortega throughout the proceedings.  Mr. Campos Ortega filed his Motion under 28 U.S.C. § 2255 with the Ninth Circuit Court of Appeals. The Ninth Circuit Court of Appeals transferred his motion to the District Court by Order dated February 1, 2007.  Mr. Campos Ortega asserts two grounds for relief:

(1)  He was denied his right to appeal because he could not appeal a sentence unless it was "more like 10 years" long; and

(2)  His sentence exceeded the applicable Guideline range.

---

[1] "The Defendant understands that the Court is required to consider the applicable sentencing guideline range, but may depart upward or downward in the exercise of the Court's discretion pursuant to *United States v. Booker,* 125 S. Ct. 738 (2005), and 18 U.S.C. § 3553." (Plea Agreement, Ct. Rec. 63, pg. 3)  The Defendant "understands and acknowledges that the U.S. Sentencing Guidelines are applicable to this case and that the Court will determine the Defendant's applicable sentencing guideline range at the time of sentencing.  The Defendant also understands, however, that pursuant to *United States v. Booker*, 125 S. Ct. 738 (2005), the Sentencing Guidelines range is advisory, and that the Court is required to consider the factors set forth in 18 U.S.C. § 3553(a), and to impose a reasonable sentence." (Plea Agreement, Ct. Rec. 63, pg. 8)

[2] The Defendant agrees to waive the right to appeal the sentence if the Court imposes a prison term of no longer than eighty-seven (87) months..." (Plea Agreement, Ct. Rec. 63, pg. 12)

ORDER - 2

## II. DISCUSSION

The Court should hold an evidentiary hearing "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. "To earn the right to a hearing, therefore, [Movant] [is] required to allege specific facts which, if true, would entitle him to relief." *Ortiz v. Stewart,* 149 F.3d 923, 934 (9th Cir 1998), quoting *United States v. McMullen,* 98 F.3d 1155, 1159 (9th Cir 1996). If an evidentiary hearing is not required, the Court "shall make such disposition of the motion as justice dictates." Rule 8, Rules Section 2255 Proceedings (West 2006).

To gain relief, Mr. Campos Ortega must establish that (1) he is in custody under a sentence of this federal court; (2) his request for relief was timely; and (3) the court lacked either personal or subject matter jurisdiction, the conviction or sentence is unconstitutional, the conviction or sentence violates federal law, or the sentence or judgement is otherwise open to collateral attack. 28 U.S.C. § 2255.

Mr. Campos Ortega has met the first two requirements; however, he may have waived his right to file a § 2255 motion. A defendant can waive the right to file a § 2255 motion, but the waiver must be express. Mr. Campos Ortega signed a plea agreement wherein he waived, "his opportunity to challenge before the trial court and an appellate court any alleged procedural or substantive issues involving his prosecution...that arose prior to the entry of the guilty plea" and "the right to appeal the sentence if the Court imposes a prison term of no longer than eighty-seven (87) months..." (Ct. Rec. 63, p. 12-13). During the plea colloquy, Mr. Campos Ortega acknowledged that he understood this waiver encompassed post-trial motions including a § 2255 motion. (Ct. Rec. 134, p. 17-18). In the event of waiver, the motion must fail. However, because it is not absolutely certain that Mr. Campos Ortega

ORDER - 3

waived his right to file a §2255 motion or that the Court can raise the waiver sua sponte the Court considers the Movant's claims.[3]

Mr. Campos Ortega's claims lack merit.  He has not shown that his sentence or waiver of his right to appeal is unconstitutional, violates federal law, or is otherwise open to collateral attack. He has not presented facts which entitle him to relief.

**B.  Denial of Right of Appeal**

Mr. Campos Ortega was not denied his right to appeal; he waived his right to appeal in his plea agreement.  A plea agreement is a contract between the Government and the Defendant. *U.S. v. Transfiguracion*, 442 F.3d 1222, 1228 (9th Cir. 2006). Due to its contractual nature, courts "enforce the plain language of a plea agreement if it is clear and unambiguous on its face." *Id.* at 1229.  "A defendant's waiver of his appellate rights is enforceable if (1) the language of the waiver encompasses his right to appeal on the grounds raised, and (2) the waiver is knowingly and voluntarily made." *U.S. v. Speelman*, 431 F.3d 1226, 1229 (9th Cir. 2005), quoting *United States v. Jeronimo*, 398 F.3d 1149, 1153 (9th Cir.2005).

The Court does not violate the constitution or federal law by accepting a plea agreement where the Court finds that the defendant knowingly and voluntarily entered into the agreement. Fed. R. Crim. Pro. 11 outlines the topics that a court must "inform the defendant of, and determine that the defendant understands" prior to accepting or rejecting a proffered plea agreement. Fed. R. Crim. Pro. 11 (West 2006).  Included in this list are "terms of any

---

[3] The Court recognizes that the question of whether a court may raise a waiver defense sua sponte or the government waives its waiver defense when it fails to assert it properly is currently under advisement by the Ninth Circuit in the rehearing en banc of *United States v. Castillo*, 464 F.3d 988 (9th Cir.2006).

ORDER - 4

plea agreement provision waiving the right to appeal or to collaterally attack the sentence."

Fed. R. Crim. Pro. 11(b)(N). In order to satisfy this rule, the court must review the terms of

the plea agreement with the defendant. When the court discusses the waiver of appeal with

a defendant, the court is not denying the defendant the right to appeal. Rather the court is

reviewing the terms of an agreement signed by the defendant.

Mr. Campos Ortega waived his right to appeal in the plea agreement. In the paragraph

labeled "Conditional Waiver of Appeal Rights," the plea agreement states:

> Defendant Pablo Ortega Campos understands that by entering into this Plea Agreement, he effectively is waiving his opportunity to challenge before the trial court and an appellate court any alleged procedural or substantive issues involving his prosecution on Indictment no. CR 05-0192-WFN-2 that arose prior to the entry of the guilty plea to Count Fourteen. In return for the concessions that the United States has made in this Plea Agreement, the Defendant agrees to waive the right to appeal the sentence if the Court imposes a prison term of no longer than eighty -seven (87) months; imposes a term of supervised release of no longer than five (5) years; waives the imposition of a fine; and imposes a $100 penalty assessment. Should the Defendant successfully move to withdraw from this Plea Agreement or should the Defendant's conviction on Count Fourteen of the Indictment be set aside, vacated or reversed as a result of an appeal or upon a motion pursuant to 28 U.S.C. § 2255, this Plea Agreement shall become null and void; the United States may move to reinstate all counts of Indictment No. CR-05-0192-WFN-2..."

(Plea Agreement, Ct. Rec. 63, p. 12-13). Based on this paragraph, Mr. Campos Ortega clearly

waived his right to appeal the 70 months sentence imposed.

The plea colloquy shows he entered the above waiver knowingly and voluntarily.

The Court addressed Mr. Campos Ortega's appeal rights during the change of plea hearing.

(Ct. Rec. 134, p. 17-18). Mr. Campos Ortega acknowledged that he understood that he

waived any right to appeal, including filing a § 2255 motion, so long as the sentence was 87

months or less. *Id.* The Court found that Mr. Campos Ortega entered into the plea agreement

knowingly and voluntarily. (Ct. Rec. 134, p. 23 - 24). Mr. Campos Ortega acknowledged that

he had the plea agreement read to him and he understood the plea agreement. (Ct. Rec. 134,

p. 11 - 12). He indicated that he was alert and understood what was happening in the

courtroom. (Ct. Rec. 134, p. 10). He affirmed that he had not been subject to any threats or

ORDER - 5

coercion. (Ct. Rec. 134, p. 23). His attorney, Mr. Caruso, agreed, stating he felt that his client entered the plea knowingly and voluntarily. (Ct. Rec. 154, p. 20).  The Court reiterated Mr. Campos Ortega's waiver during the sentencing hearing, noting that because the sentence imposed was well below 87 months; and the supervised release didn't exceed 5 years that the conditions for the waiver of appeal were met. (Ct. Rec. 133, p. 23).

The Court did not violate federal law or Mr. Campos Ortega's constitutional rights by accepting Mr. Campos Ortega's voluntary and knowing plea.  The plain language of the waiver in the plea agreement and Mr. Campos Ortega's  representations during the plea colloquy evidence a knowing and voluntary waiver. After reviewing the terms of the plea agreement and discussing them with Mr. Campos Ortega, the Court found that Mr. Campos Ortega knowingly and voluntarily waived his right to appeal.

**B.  Sentence Outside of Guideline Range**

Mr. Campos Ortega accurately points out he received a sentence outside the United States Sentencing Guidelines range; however, the fact that the sentence is not within the advisory guideline range does not render the sentence unconstitutional, in violation of federal law, or subject to collateral attack.  As the Court explained during the plea colloquy, *U.S. v. Booker,* 543 U.S. 220, 245 (2005), rendered the Guidelines advisory.  A court must calculate the proper range, but is not required to impose a Guideline sentence. *U.S. v. Mohamed*, 459 F.3d 979, 985 (9th Cir. 2006). In addition to the advisory range, the court must consider factors listed in 18 U.S.C. §3553(a) when fashioning a sentence.[4] 18 U.S.C. § 355(a).  A

--------

[4] These factors are: (1) the nature and circumstances of the offense and defendant; (2) the need for the sentence imposed to reflect the seriousness of the crime,  afford deterrence, protect the public, and provide the defendant with needed training, medical care, or other treatment; (3) the kinds of sentences available; (4) the kinds of sentence and range established

1   decision to sentence outside of the applicable advisory Guideline range is subject to a unitary

2   review for reasonableness. *U.S. v. Mohamed*, 459 F.3d at 987.  Mr. Campos Ortega does not

3   assert any constitutional violations, nor the Court recognize any, with the ultimate sentence

4   imposed.

5          Mr. Campos Ortega does not dispute the Court's Guideline calculations, even though

6   they did not match those found in the plea agreement.  During the sentencing, the Court

7   reviewed the Guideline calculations in the Plea Agreement. (Ct. Rec. 135, p. 16).  The parties

8   had agreed that the adjusted offense level was 29. (Plea Agreement, Ct. Rec. 63, p. 9).  Based

9   on this offense level and Mr. Campos Ortega's criminal history he faced a sentence of a

10  minimum of 87 months.  However, the Court found that the minor role adjustment applied,

11  bringing the total adjusted offense level to 24, making the Guideline range 51 to 63 months.

12         In addition to determining the recommended range according to the Guidelines, the

13  Court considered 18 U.S.C. 3553(a) factors, as required.  (Ct. Rec. 133, p. 20-21).  During the

14  hearing, the Court stressed the advisory nature of the Guidelines. (Ct. Rec. 133, pg. 5).

15  Though Mr. Campos Ortega was a first time offender and family man, the nature and

16  circumstances of the crime were extremely serious. The Court ultimately imposed 70 months

17  imprisonment.  Though the sentence represented an upward variance of seven months, the

18  Court opined  "because of the seriousness of the offense, the length of time you were involved

19  in drug activity, and the quantity of drugs that you were directly involved with distributing

20  all lead the Court to conclude that it was very, very serious; and 70 months I think is a

21  reasonable and just sentence for the conduct." (Ct. Rec. 133, pg. 25).

22         Though the Court's sentence exceeded the recommended Guideline range, the ultimate

23  sentence was legal. By accurately determining the Guideline sentence and considering the

24  ─────────────────────

25  by the Guidelines; (5) any pertinent policy statement; (6) avoid sentence disparities; and (7)

26  to provide restitution for victims. 18 U.S.C. § 3553(a).

ORDER - 7

3553(a) factors, Court followed federal law in determining the sentence. The sentence does not run afoul with the Constitution.[5] Additionally, the sentence was reasonable because it was based on consideration of the 3553(a) factors.

For all the foregoing reasons an evidentiary hearing is not required in this matter. All grounds raised in Mr. Campos Ortega's § 2255 Motion must be dismissed.

## III. CERTIFICATE OF APPEALABILITY

An appeal of this Order may not be taken unless this Court or a circuit justice issues a certificate of appealability finding that "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (West 2006). This requires a showing that "reasonable jurists would find the district Court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). If a claim is dismissed on procedural grounds the Court must determine whether

> jurist of reason would find it debatable wither the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack*, 120 S. Ct. at 1604. A certificate of appealability should not be granted unless both components, one directed at the underlying constitutional claims, and the second directed at the court's procedural holding, are satisfied. *Id.* The Court may address either the constitutional or procedural issue first. *Id.* Based on the Court's preceding analysis, the Court concludes: 1) that the Movant has failed to make a substantial showing of a denial of a constitutional right and 2) that jurists of reason would not find it debatable whether the Court

---

[5] A sentence of 70 months for a crime that normally carries a mandatory minimum of 120 months does not offend the Eighth Amendment. Mr. Campos Ortega does not allege, nor does the Court identify, any constitutional violations.

ORDER - 8

was correct in any procedural ruling.  Thus a certificate of appealability should not issue.  Accordingly,

**IT IS ORDERED** that Mr. Campos Ortega's Motion Under § 2255, filed February 5, 2007, **Ct. Rec. 132**, is **DENIED WITH PREJUDICE**.

The District Court Executive is directed to:

- File this Order and provide copies to pro se Movant and counsel of record;
- Inform the Ninth Circuit Court of Appeals that if the Movant files a Notice of Appeal that a certificate of appealability is **DENIED**; and
- **CLOSE** the corresponding civil file, **CV-07-41-WFN**.

**DATED** this 2nd day of April, 2007.


_____s/ Wm. Fremming Nielsen_____
WM. FREMMING NIELSEN
SENIOR UNITED STATES DISTRICT JUDGE

04-02

ORDER - 9